IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID LEGG,** | : | Case No. 2:11-CV-00567 |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | Magistrate Judge Norah McCann King |
| **AMSTED RAIL COMPANY, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint and Motion for More Definite Statement of Count III. (Doc. 6). For the reasons that follow, the Motion to Dismiss Count I is **GRANTED**, the Motion to Dismiss Count II is **DENIED**, and the Motion for a More Definite Statement of Count III is **GRANTED.**

### II. BACKGROUND

Defendant Amsted Rail Company, Inc. employed Plaintiff David Legg from January 31, 2007, until March 29, 2011. From late 2010 until his termination, Plaintiff repeatedly spoke out against Defendant's plan to change its seniority policy in a way that Plaintiff perceived as discriminatory to the company's "more senior employees." On March 20, 2011, Plaintiff complained to Defendant about unsafe work practices of contractors at a worksite. Later that day, Plaintiff was involved in a workplace accident that caused injury to a contractor. Defendant suspended Plaintiff pending an investigation, and then fired him on March 29, 2011, for engaging in reckless behavior and injuring an individual. Plaintiff alleges that he was not

1

terminated for causing the workplace accident, but was terminated in retaliation for speaking out against Defendant's discriminatory conduct and unsafe work practices.

Plaintiff filed suit against Defendant in the Franklin County Court of Common Pleas on May 24, 2011. (Doc. 3). Defendant filed Notice of Removal to this Court on June 24, 2011. (Doc. 1). Plaintiff brings the following claims: (1) that Defendant terminated his employment in violation of employees' right to protected concerted activity pursuant to §§ 7 and 8 of the National Labor Relations Act ("NLRA"), 29 USCA §151 *et seq.*; (2) that Defendant terminated his employment in retaliation for Plaintiff's complaints against discrimination in violation of Ohio Revised Code § 4112.02 and § 4112.99; and (3) that Defendant terminated his employment in retaliation for Plaintiff's complaints against discrimination in violation of Ohio public policy, including but not limited to Ohio Revised Code § 4112. As relief, Plaintiff requests back pay and benefits, reinstatement with reasonable accommodations or front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, liquidated damages, attorneys' fees, expert witness's fees and the costs of this action.

Defendant filed its motion to dismiss on July 1, 2011. (Doc. 6). Defendant contends that this Court does not have jurisdiction to hear Plaintiff's First Claim for termination in violation of the NLRA. Defendant further contends that Plaintiff's Second Claim for retaliatory termination in violation of Ohio Revised Code § 4112 fails to state a claim upon which relief may be granted because Plaintiff has failed to allege that he was retaliated against on a statutorily protected basis. Defendant finally contends that Plaintiff's Third Claim for retaliatory termination in violation of Ohio public policy, including but not limited to Ohio Revised Code § 4112, lacks sufficient specificity to provide adequate notice. The Motion has been fully briefed and is now ripe for decision.

### III. STANDARD OF REVIEW

#### A. Lack of Subject Matter Jurisdiction

When a defendant raises the issue of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "[M]otions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of a complaint, and, when considering the motion, the court must view the material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.* In a factual attack "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). As Defendant's Motion to Dismiss argues that Plaintiff's claim of wrongful termination in violation of the NLRA would fall under the National Labor Relations Board's jurisdiction, the Court will treat Defendant's Motion as a facial attack.

#### B. Failure to State a Claim Upon Which Relief Can Be Granted

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 520 (S.D. Ohio 1995) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Additionally, the Court must accept as true all factual allegations contained in the complaint, and the complaint must be construed in the light most favorable to the party opposing the motion to dismiss. *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

## IV. LAW AND ANALYSIS

### A. Wrongful Termination in Violation of NLRA

Defendant contends that Plaintiff's First Claim for wrongful termination in violation of the NLRA should be dismissed for lack of subject matter jurisdiction. The Court agrees.

Although the NLRA contains no express preemption provision, the Supreme Court has held that §§ 7 and 8 claims fall under the jurisdiction of the National Labor Relations Board. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959) (holding that activity arguably protected by §§ 7 and 8 of the NLRA is to be adjudicated by the National Labor Relations Board). The Supreme Court held that "courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the

first instance to the National Labor Relations Board." *Id.* at 244–45. The Court reasoned that allowing tribunals other than the National Labor Relations Board to "control conduct which is the subject of national regulation would create potential frustration of national purposes." *Id.* at 783.

Federal courts have consistently applied *Garmon*'s holding. In *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 486 (6th Cir. 2011), the court affirmed the dismissal of a claim for wrongful termination in violation of Ohio public policy. The plaintiff in *Lewis* claimed that he was fired for refusing to commit unfair labor practices and filed a charge with the National Labor Relations Board that was ultimately rejected. *Id*. The plaintiff then filed a claim in state court, which specifically alleged a violation of the NLRA. *Id.* at 487. The appellate court agreed with the district court's finding of a lack of subject matter jurisdiction since the claim was preempted by the NLRA, violations of which are to be adjudicated by the National Labor Relations Board. *Id.* at 486. The court followed *Garmon* in reaching this finding, noting that when a "wrongful-termination claim is 'arguably subject' to the NLRA, *Garmon* preemption is implicated." *Id.* at 489 (quoting *Garmon*, 359 U.S. at 245).

In determining whether *Garmon* preemption was required, the *Lewis* court applied the following test: "(1) whether there exists a 'significant' state interest in protecting its citizens from the conduct; and (2) whether state jurisdiction over the arguable labor violation would entail 'little risk' of interfering with the uniform national labor policy." *Id.* (citing *Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1027 (6th Cir. 2001)). The second prong of this test essentially asks "whether the state cause of action is 'identical' to a claim that could have been made to the [National Labor Relations Board]." *Walcher*, 270 F.3d at 1027. If the two claims are identical, then the National Labor Relations Board has preemptive

5

jurisdiction. *Id.* at 1027–28; *see also Sears, Roebuck & Co.*, 436 U.S. 180, 202 (1978) ("[W]hen the same controversy may be presented to the state court or the National Labor Relations Board, it must be presented to the Board."). The court in *Lewis* found the plaintiff's state court claim to be identical to the National Labor Relations Board claim, and thus, preempted. *Lewis*, 630 F.3d at 489.

Likewise, in *McGlone v. Cintas Corp.*, 1994 WL 487340, *1 (6th Cir. Sept. 8, 1994), the court affirmed the dismissal of a wrongful termination claim based on §§ 7 and 8 of the NLRA. The plaintiff in *McGlone* alleged retaliatory termination for her participation in union organizing activities. *Id.* In finding that the National Labor Relations Board had preemptive jurisdiction, the *McGlone* court noted that "[b]ecause the alleged misconduct… is directly covered by provisions of the NLRA, any balancing of local interests against the regulatory scheme compels preemption." *Id.* at *3.

Plaintiff relies on *Farmer v. Davey Compressor Co.*, 577 N.E.2d 110 (1st Dist. 1989), to argue that his claim of wrongful termination in violation of the NLRA should not be dismissed. In *Farmer*, the court held that although the National Labor Relations Board has exclusive jurisdiction over NLRA claims, "a cause of action in a state court may be sustained 'if the behavior to be regulated is behavior that is of only peripheral concern to the federal law or touches interests deeply rooted in local feeling and responsibility.'" *Id.* at 111 (citing *Belknap, Inc. v. Hale*, 463 U.S. 491, 498 (1983)). Applying that rule, the Farmer court held that an employee's claims under contract and promissory estoppel doctrines were of peripheral concern to federal labor law and thus not preempted. *Id*. While *Farmer*'s holding is consistent with *Lewis* and *McGlone*, Plaintiff misapplies it to the facts of his case.

Plaintiff's First Claim of wrongful termination is brought pursuant to, and specifically relies upon, §§ 7 and 8 of the NLRA. Plaintiff's First Claim is based on employees' right to protected concerted activity pursuant to §§ 7 and 8 of the National Labor Relations Act, and does not even purport to rest upon a state cause of action.[1] Under the first prong of the *Lewis* test, Plaintiff's claim of wrongful termination in violation of the NLRA fails, since Plaintiff alleges no state cause of action. Plaintiff's claim also fails under the second prong of the *Lewis* test, since state jurisdiction over a NLRA claim would wholly interfere with uniform national labor policy. Plaintiff's claim even fails under *Farmer* since the regulated behavior, far from being merely a peripheral federal concern, is the main focus of the federal law. The Court thus does not have jurisdiction over Plaintiff's First Claim, and the Court accordingly **GRANTS** the Defendant's Motion to Dismiss Count I of Plaintiff's complaint.

### B. Retaliatory Termination in Violation of Ohio Revised Code § 4112

Defendant contends that Plaintiff's claim for retaliatory termination in violation of Ohio Revised Code § 4112 should be dismissed for failure to state a claim upon which relief can be granted. The Court disagrees.

Ohio Revised Code § 4112 states that it is unlawful to discriminate against a person based on "race, color, religion, sex, military status, national origin, disability, age, or ancestry…." Ohio Rev. Code Ann. § 4112.02(A). Further, § 4112 states that it is unlawful for an employer to "discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section." Ohio Rev. Code Ann. § 4112.02(I).

---

[1] In Plaintiff's Memorandum in Opposition, Plaintiff mentions for the first time § 301(a) of the National Labor Relations Act of 1947, which states in part that "[s]uits for violation of contracts between an employer and a labor organization…may be brought in any district court…." Since Plaintiff has not claimed to be a union representative, this argument will not be discussed.

7

To state a claim for retaliatory termination in violation of Chapter 4112, a plaintiff must[2] allege that the discriminatory conduct falls within one of the protected categories listed in 4112.02(A). *Turner v. Grande Pointe Healthcare Cmty.*, 631 F. Supp. 2d 896, 910 (N.D. Ohio 2007) ("To establish a prima facie case of discrimination under O.R.C. § 4112.02, Plaintiff must show: '(1) that he was a member of a protected class….'") (citation omitted).

Plaintiff has pled that he was terminated in retaliation for "his advocacy against what he deemed as discriminatory conduct against senior employees relative to changes in the seniority plan and for a safe work environment." A person who advocates for a safe work environment is not one advocating on behalf of a person belonging to a class protected in § 4112.02(A); thus, Plaintiff cannot be granted relief on this basis.

In regards to Plaintiff's allegation that he was terminated for opposing "discriminatory conduct against senior employees relative to changes in the seniority plan[,]" Plaintiff's use of the words "senior employees" in his Complaint does not clearly indicate whether he meant senior in reference to age or senior in reference to length of service to the company. Construing the ambiguity in Plaintiff's favor, as the Court must at this stage, the Court concludes that Plaintiff has alleged that he was terminated on the basis of his oppositional conduct towards age-based discrimination, a type of discrimination prohibited by § 4112.02(A). Accordingly, Plaintiff states a claim upon which relief can be granted. The Court therefore **DENIES** Defendant's Motion to Dismiss Count II of Plaintiff's complaint.

---

[2] "[F]ederal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e *et seq.,* Title 42, U.S.Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v.* Ohio *Civil Rights Comm'n,* 421 N.E.2d 128 (1981). This federal case law is found in *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) ("In order to establish a *prima facie* case of retaliation, a plaintiff must establish that: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.").

**C. Wrongful Termination in Violation of Ohio Public Policy**

Plaintiff alleges that Defendant wrongfully terminated him in violation of Ohio's public policy including but not limited to Ohio Revised Code § 4112. Although employment relationships in Ohio are generally governed by the common law doctrine of employment at will, Ohio law recognizes "a cause of action in tort for wrongful discharge in violation of public policy." *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529 (Ohio 2002) (plurality opinion). To establish this cause of action, Plaintiff must first prove "[t]hat [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law…." *Collins v. Rizkana*, 652 N.E.2d 653, 657 (Ohio 1995); *Wiles*, 773 N.E.2d at 529.

Defendant argues that Plaintiff's claim does not give fair notice of the grounds upon which the claim is based. Defendant also argues that since Plaintiff has not referenced any other statutes or sources of public policy to satisfy the clarity element, the claim is fatally vague. The Court agrees.

Fed. R. Civ. P. 8(a)(2) states, in pertinent part, that "[a] pleading which sets forth a claim for relief…shall contain…a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 12(e) states, in pertinent part, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The Supreme Court has held that "[t]he remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 590, n.9 (2007).

Plaintiff's claim based on "but not limited to" § 4112 is impermissibly broad and lacks the specificity that would allow Defendant to determine to which laws or public policies Plaintiff refers. As such, Defendant's Motion for a More Definite Statement of Count III is **GRANTED**.

## V. CONCLUSION

For the reasons stated above, this Court **GRANTS** the Defendant's Motion to Dismiss Count I of Plaintiff's Complaint, **DENIES** Defendant's Motion of Dismiss Count II of Plaintiff's Complaint, **GRANTS** Defendant's Motion for a More Definite Statement of Count III. (Doc. 6). Plaintiff's First Claim is, accordingly, **DISMISSED**. The Court further **ORDERS** that Plaintiff shall file an amended complaint within fourteen (14) days that sets forth a more definite statement of Count III.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**Algenon L. Marbley**
**United States District Court Judge**

**DATED:  November 14, 2011**